

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 9, 2024

Petitioner shall respond to the motion by no later than March 4, 2024.  The time for the Government to respond to the petition is adjourned *sine die.*
Date: February 12, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**By ECF**
The Honorable Lewis J. Liman
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

Re:   *Juan J. Rodriguez v. United States*, 05 Civ. 8283 (LJL)
       *United States v. Juan J. Rodriguez*, 97 Crim. 1053-23 (LJL)

Dear Judge Liman:

Juan Javier Rodriguez has filed a petition for a writ of error *coram nobis*, seeking to vacate his conviction based in part on allegations of ineffective assistance of counsel by his former defense counsel, Robert M. Baum ("Petition").  The Government writes in response to the Court's Order, dated January 16, 2024 (05-CR-8283, Dkt. 4; 97-CR-1053, Dkt. 457), directing the Government to file an answer or motion to the Petition within thirty days of the date of the Order.  Although the Government believes that certain of Rodriguez's contentions can be resolved on legal grounds alone, the Government respectfully submits that in order to fully resolve the Petition, it may be necessary to obtain a statement from prior counsel responding to the allegations of ineffective assistance.  Accordingly, the Government respectfully requests that the Court issue an Order (i) requiring Rodriguez to provide informed consent as to the waiver of attorney-client privilege in this matter, and (ii) directing Rodriguez's prior counsel to file an affidavit regarding the issues raised in the Petition.[1]

The Government also respectfully requests that its deadline to respond to the Petition be correspondingly extended as set forth below to accommodate the receipt and review of Rodriguez's prior counsel's affidavit.  Additionally, the Government is currently attempting to locate the relevant filings, transcripts, and court orders needed to address all of Rodriguez's allegations.  Due to the age of Rodriguez's case, such materials are not electronically available.  For this reason as well, the Government requests an extension of its deadline to respond to the Petition.

---

[1] This request is consistent with the Government's past practice in similar circumstances of seeking an order which requires both that the petitioner sign an informed consent regarding the waiver of attorney-client privilege, and that former defense counsel file an affidavit regarding issues raised by petitioner.  *See, e.g., U.S. v. Benvenutti*, 16 Cr. 656 (GHW) (Dkt. 912); *Weilian Shen v. U.S.*, 22 Civ. 8014 (Dkt. 16); *U.S. v. Jean Davilmar*, 99 Cr. 605 (VEC) (Dkt. 59).

### A. Procedural History

On January 18, 2001, Rodriguez was charged in a superseding indictment with one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). (S10 97 Cr. 1053, Dkt. 294.).

On February 1, 2001, following a bench trial before U.S. District Judge Lawrence M. McKenna, Rodriguez was found guilty as to Count One. (*See* Feb. 1, 2001 Minute Entry.).

On October 9, 2002, Rodriguez was sentenced by Judge McKenna to twenty-one months imprisonment, three years supervised release, and a special assessment of $100.

On September 26, 2005, Rodriguez filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Judge McKenna denied Rodriguez's motion as untimely. (97 Cr. 1053, Dkt. 385.).

On September 20, 2022, Rodriguez filed the instant Petition. Rodriguez principally makes two claims: (1) his conviction and sentence are unconstitutional because the Government did not prove the drug quantity associated with the charged conspiracy beyond a reasonable doubt, and (2) Mr. Baum provided ineffective assistance in that (i) Mr. Baum "misadvise[d]" Rodriguez regarding his decision to seek a bench trial and Rodriguez therefore unknowingly waived his right to a jury trial and (ii) Mr. Baum never consulted with Rodriguez regarding his right to appeal. *See* Petition at 1–3.

### B. Applicable Law

#### 1. *Coram Nobis* Relief

*Coram nobis* relief is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998). When "reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

To prevail on a petition for a writ of error *coram nobis*, a petitioner must make three showings: "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ." *Fleming*, 146 F.3d at 90 (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)).

#### 2. Ineffective Assistance of Counsel

"Ineffective assistance of counsel . . . is a circumstance compelling the grant of a timely application for *coram nobis* relief." *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019). A party asserting an ineffective assistance of counsel claim "must show: (1) that counsel's

representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010); *see Strickland v. Washington*, 466 U.S. 668, 688–89, 693-94 (1984). Petitioner bears the "heavy" burden of proving both prongs of a Strickland claim. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

With respect to the first element—the "performance" prong—to eliminate the "distorting effects of hindsight," *Strickland*, 466 U.S. at 689, a reviewing court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way,'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689); *accord Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008) (noting that reviewing courts should be "mindful of the diversity of the bar and the variety of approaches effective attorneys might employ when dealing with a particular set of facts").

As for the second element—the "prejudice" prong—a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A defendant cannot establish prejudice by merely showing that counsel's errors had "some conceivable effect" on the result, for "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*. at 693. Only where the defendant satisfies both prongs of the *Strickland* test can it be concluded that "counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Id*. at 687.

C. Discussion

The Government respectfully submits that to respond to the Petition, it is necessary to obtain a statement from prior counsel regarding Rodriguez's allegations of ineffective assistance. Such a statement is necessary because Rodriguez claims that his former criminal defense counsel, Mr. Baum, provided ineffective assistance by (a) failing to appropriately advise Rodriguez regarding the decision to seek a bench trial; and (b) failing to consult with Rodriguez regarding his right to appeal. *See* Petition at 3. Accordingly, the Government respectfully requests that the Court enter an Order consistent with the procedure set forth in *Douglas v. United States*, No. 09 Civ. 9566 (CM) (S.D.N.Y. Jan. 28, 2011) (Dkt. No. 6), requiring Rodriguez to provide informed consent as to the waiver of attorney-client privilege in this matter, and directing Rodriguez's prior counsel to file an affidavit regarding the issues raised in the Petition.

It is well-settled that the assertion of a claim of ineffective assistance of counsel constitutes a waiver of the attorney-client privilege. *E.g.*, *Rudaj v. United States*, 11 Civ. 1782 (DLC), 2011 WL 2610544 (S.D.N.Y.), citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (implicit waiver), and *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications); *Ragbir v. United States*, 17-cv-1256 (KM), 2018 WL 1871460, at *2 (D.N.J. Apr. 19, 2018) (waiver where petitioner sought writ of *coram nobis* on basis of ineffective assistance of counsel).

Rodriguez has placed his otherwise privileged communications with Mr. Baum directly at issue by contending that he provided deficient and prejudicial legal advice. Accordingly, he has waived any privilege regarding these communications and Mr. Baum should be permitted to respond to the claims made in the Petition. *See Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) ("Our cases require that except in highly unusual circumstances, the assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." (internal quotation marks omitted)).[2]

Notwithstanding the clear waiver that results from an ineffective assistance claim, the ABA Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*, in which it opined that even if evidence sought from a former lawyer is relevant and not privileged, the former lawyer should still not voluntarily disclose the information to the prosecution. Instead, according to that opinion, the former lawyer should only disclose such information upon ruling of the court or informed consent from the client. While that ABA opinion has no binding effect, it has nonetheless inhibited defense lawyers from voluntarily providing affidavits in ineffective assistance litigation.

Accordingly, the Government believes that an order directing counsel to file an affidavit and Rodriguez to execute an Informed Consent will permit the further factual development necessary for the Government to respond to the Petition.

## Conclusion

For the reasons stated above, the Government respectfully requests that the Court issue the enclosed proposed Order and Informed Consent requiring Rodriguez to provide informed consent as to the waiver of attorney-client privilege in this matter and directing Mr. Baum to provide an affidavit regarding the issues raised in the Petition.

The Government respectfully asks the Court to order Rodriguez to provide the "Attorney-Client Privilege Waiver (Informed Consent)" form within 14 days from the entry of the Order,[3]

---

[2] Moreover, the Government respectfully submits that an affidavit from prior counsel may aid in the Court's ability to efficiently and fairly resolve the defendant's ineffective assistance claims without the need for a full evidentiary hearing. *See, e.g.*, *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (holding that the district court had discretion to resolve ineffective assistance of counsel claims on the basis of an attorney affidavit, because such "a middle road . . . avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing").

[3] The Government also requests that in the event the Court does not receive the executed "Attorney-Client Privilege Waiver (Informed Consent)" form within 14 days, the Court deny the portion of the Petition based on allegations of ineffective assistance of counsel, because Rodriguez will have failed to authorize the disclosure of information needed to permit the Government to respond to the Petition.

to order Mr. Baum to submit sworn testimony in the form of an affidavit within 30 days from the Court's receipt of the "Attorney-Client Privilege Waiver (Informed Consent)" form, and to adjourn the Government's deadline to file opposition papers to 30 days from the receipt of the affidavits from Mr. Baum.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____
        Varun A. Gumaste
        Assistant United States Attorney
        (212) 637-1023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan J. Rodriguez,<br><br>                    *Petitioner*,<br><br>    v.<br><br>United States of America,<br><br>                    *Respondent.* | 05 Civ. 8283 (LJL) |
| United States of America,<br><br>    v.<br><br>Juan J. Rodriguez,<br><br>                    *Defendant-Petitioner.* | 97 Cr. 1053-23 (LJL) |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Juan J. Rodriguez ("Petitioner") has filed a petition for a writ of error *coram nobis*, seeking to vacate his conviction under 21 U.S.C. §§ 846 and 841(a)(1) based in part on allegations of ineffective assistance of counsel by his former defense counsel, Robert M. Baum (the "Petition"); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Mr. Baum will be needed to allow the Government to respond to the petition; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Mr. Baum is needed to allow the Government to respond to the petition; and

WHEREAS by filing the petition, Petitioner has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order, ethical concerns may inhibit Mr. Baum from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Petitioner Juan J. Rodriguez execute and return to this court within 14 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 14 days from today's date, the court will deny the portion of the petition based on allegations of ineffective assistance of counsel, on the ground that the Petitioner failed to authorize the disclosure of information needed to permit the Government to respond to the petition; and it is further

ORDERED that within 30 days of the Court's receipt and publishing to ECF of Petitioner Rodriguez's executed "Attorney-Client Privilege Waiver (Informed Consent)" form, Mr. Baum shall give sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by Petitioner; and it is further

ORDERED that the Government shall be permitted 30 days from the receipt of said executed affidavits or affirmations from Mr. Baum to file its opposition and any additional supporting papers with this Court; and it is further

[CONTINUED ON THE NEXT PAGE]

ORDERED that the Clerk of the Court serve a copy of this Order on Petitioner Rodriguez and Mr. Baum.

Dated: New York, New York

_____

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Juan J. Rodriguez,

           *Petitioner*,

v.

United States of America,

           *Respondent.*

05 Civ. 8283 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.

Juan J. Rodriguez,

           *Defendant-Petitioner.*

97 Cr. 1053-23 (LJL)

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner Juan J. Rodriguez

You have filed a petition for a writ of error *coram nobis*, to have your conviction vacated in part on the ground that you received ineffective assistance from your former lawyer, Robert M. Baum (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorney to disclose confidential

communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court will deny the portion of your motion based on allegations of ineffective assistance of counsel if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen (14) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny the portion of your motion based on allegations of ineffective assistance of counsel.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Robert M. Baum, to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed:_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

5