```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JUAN J. RODRIGUEZ                                                :
                                                                 :
                                 Petitioner,                     :
                                                                 :      05-cv-08283 (LJL)
              -v-                                                :
                                                                 :      MEMORANDUM AND
UNITED STATES OF AMERICA,                                        :           ORDER
                                                                 :
                                 Respondent.                     :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2025

LEWIS J. LIMAN, United States District Judge:

Petitioner Juan Javier Rodriguez applies, pursuant to 28 U.S.C. § 1651(a), for a writ of error coram nobis. Dkt. No. 3. For the following reasons, the motion is denied.

## BACKGROUND

On February 1, 2001, Petitioner was convicted after a bench trial on a charge of conspiracy to distribute and to possess with intent to distribute heroin in violation of Title 21 United States Code Section 846. Case No. 97-cr-1053 ("Crim.") Dkt. No. 301 ("Trial Transcript" or "Tr.") at 565:25–566:1. The Court found that the Government did not prove beyond a reasonable doubt that the offense involved 100 grams or more of heroin. *Id.* at 566:11–13. He was sentenced on October 9, 2002, by the Honorable Lawrence M. McKenna, to a term of imprisonment of 21 months (with credit for time spent in federal custody from September 24, 1997 up to and including October 16, 1997 and since the date of his remand on February 1, 2001), followed by a period of 36 months of supervised release. Crim. Dkt. No. 364 at 2. As a result, he was effectively sentenced to time served.

Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 on or about September 26, 2005.[1] Case No. 05-cv-08283 ("Civ.") Dkt. No. 1. Petitioner challenged the quantity of drugs for which he was held responsible, the credibility of the cooperating witness who testified against him, and the introduction into evidence of recorded conversations between himself and that witness. Crim. Dkt. No. 385 at 1; Civ. Dkt. No. 1. On January 5, 2006, Judge McKenna denied the motion as untimely. Crim. Dkt. No. 385. He noted that Petitioner's conviction became final in October 2002, but his motion to vacate was not filed until approximately August 2005. *Id.* at 2.[2]

## PROCEDURAL HISTORY

Petitioner filed this application for a writ of *coram nobis* on January 8, 2024, over nineteen years after his Section 2255 motion was denied. Civ. Dkt. No. 3 (with Civ. Dkt. No. 16, the "Petition"). Petitioner claims that his conviction and sentence violated *Alleyne v. United States*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) on the basis that drug quantity was an element of the offense that had to be charged in the indictment and proven beyond a reasonable doubt. Civ. Dkt. No. 3 at 1–3. He also claims that he received ineffective assistance of counsel because his trial attorney, Robert M. Baum, Esq., did not inform him of his right to appeal and did not file a notice of appeal. *Id.* at 3. Petitioner filed a supplement to his application on September 18, 2024, asserting that he did not knowingly and voluntarily waive his right to a jury trial because the right to trial by jury was not explained to him, Civ. Dkt. No. 16 at

---

[1] Petitioner's 28 U.S.C. § 2255 motion was dated August 4, 2005, but was filed on September 26, 2005. Judge McKenna found the difference between date the motion was received by the clerk's office and when it was docketed to be irrelevant, as either would have been untimely. Crim. Dkt. No. 385.

[2] Judge McKenna passed away on February 3, 2023. This case was reassigned to the undersigned on January 12, 2024. *See* Civ. Dkt., Jan. 12, 2024 Minute Entry.

2

1, and that he was incompetent to stand trial because of a traumatic brain injury sustained as a result of a gunshot to the head, which counsel had failed to investigate, *id.* at 2.

On September 9, 2024, having found that Petitioner waived attorney-client privilege by asserting a claim of ineffective assistance of counsel, the Court issued an order directing that Petitioner's trial counsel give sworn testimony in the form of an affidavit or affirmation addressing Petitioner's claims of ineffective assistance of counsel. Civ. Dkt. No. 15. Mr. Baum signed an affirmation dated October 18, 2024. Civ. Dkt. No. 23 at ECF pp. 13–14 ("Baum Affirmation"). Mr. Baum affirms:

> I had no doubts about Mr. Rodriguez competence. We discussed the case quite often and discussed at length the government's evidence in the case, and possible defenses. He was aware of the nature and consequences of the charges and was able to effectively communicate with me and assist in his defense.

*Id.* at ¶ 4.

> During our discussions, Mr. Rodriguez was able to provide important facts regarding his defense and potential responses to testimony of Government witnesses. He chose to testify at trial and presented facts coherently and persuasively in his own defense.

*Id.* at ¶ 5.

> Prior to trial, I discussed the waiver of a jury trial with Mr. Rodriguez. I had recommended a waiver. After discussing the pros and cons and the consequences of a jury waiver, Mr. Rodriguez agreed that a waiver was in his best interest. I advocated that the nature of his defense, involving drug weight and his lack of intent, would be better received, and evaluated by a judge rather than a jury.

*Id.* at ¶ 6.

> After conviction and sentence, I discussed with Mr. Rodriguez whether he should file a notice of appeal. We fully discussed all the issues surrounding that decision, including the possibility that an appeals court could rule that the drug weight involved was higher than that found by the Court. And he could be sent back for resentence where he could face a mandatory Guidelines range at least four times higher than found by the Court. Mr. Rodriguez was about to be released having served his full sentence and was concerned about the risk of additional incarceration.

*Id.* at ¶ 7.

> Acknowledging the risks of an appeal, Mr. Rodriguez advised me that he did not wish to appeal.

*Id.* at ¶ 8.

The Government opposes the Petition, arguing (1) it is untimely, (2) Petitioner's conviction and sentence did not violate *Apprendi* or *Alleyne* because, as a result of Judge McKenna's finding, no mandatory minimum applied and there was no increase to Petitioner's statutory maximum based on drug quantity, and (3) he did not receive ineffective assistance of counsel. Civ. Dkt. No. 23 at 1. Petitioner filed a reply brief on February 11, 2025. Civ Dkt. No. 25.

## LEGAL STANDARD

"A writ of error coram nobis is an extraordinary remedy." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). "Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (cleaned up). "[T]o obtain coram nobis relief a petitioner must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (quoting *Foont*, 93 F.3d at 79). Although no statute of limitations governs the filing of a coram nobis petition, "the petitioner must demonstrate 'sound reasons' for any delay in seeking relief." *Kovacs*, 744 F.3d at 54 (quoting *Foont*, 93 F.3d at 79).

# DISCUSSION

Petitioner's motion is denied as untimely and, in the alternative, as meritless under the exceptionally high bar set for coram nobis relief.

## I.     The Writ of Error Coram Nobis is Barred as Untimely

This Petition is filed almost 22 years after Petitioner's conviction became final and 19 years after his untimely Section 2255 motion. Civ. Dkt. No. 3. Petitioner offers no reason or explanation for the significant delay in seeking this relief. Petitioner "knew or should have known since the time of his conviction . . . of the facts underlying his current claim." *Foont*, 93 F.3d at 80; *see also United States v. Abakporo*, 2022 WL 17684583, at *1 (2d Cir. Dec. 15, 2022). Petitioner knew that the Government charged him with possession of 100 grams or more of heroin and that he was tried to the bench and not to a jury. He benefitted from Judge McKenna's finding that the Government failed to satisfy its burden of proof and that, accordingly, no mandatory minimum applied to his sentencing. He was present for the bench trial at which there was no jury. He also knew by the deadline for sentencing and certainly by the time of his Section 2255 motion in 2005 that he had not filed a notice of appeal. He checked the box on the Section 2255 motion indicating that he had not appealed from the judgment of conviction. Civ. Dkt. No. 1 at 2. If he had a colorable complaint about any of these issues, he could have raised them at the time. While Petitioner cites a medical condition and his post-sentencing deportation as reasons for his untimely claim, he does not explain how these experiences give rise to a delay of 22 years. Civ. Dkt. No. 25 at 18. This unexplained delay of two decades disqualifies him from coram nobis relief. *See United States v. Sash,* 374 F. App'x 198, 199–200 (2d Cir. 2010) (affirming denial of a coram nobis petition after an approximately four-year delay between petitioner's sentencing and filing of their petition).

Finding the Petition barred as untimely, the Court considers the merits of the Petition only in the alternative. Petitioner has not demonstrated any errors, let alone "errors of the most fundamental character," in his criminal proceeding as required to justify this extraordinary relief. *Foont*, 93 F.3d at 78.

## II. *Apprendi* and *Alleyne* Were Not Violated

Petitioner's argument that his sentence violated *Apprendi* and *Alleyne* is without merit. When determining a sentence, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be subjected to a jury, and proved beyond a reasonable doubt." *Apprendi v. New* Jersey, 530 U.S. 466, 490 (2024). Conversely, "any fact that increases the mandatory minimum is an element' [of the offense] that must be submitted to the jury" and proved beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Drug quantity becomes an element of the offense under federal drug statutes only where it may be used to impose a sentence above the applicable statutory maximum. *United States v. Richards,* 302 F.3d 58, 66 (2d Cir. 2002).

During sentencing, Judge McKenna found that the Government had not proven the quantity of drugs alleged in the indictment beyond a reasonable doubt, and therefore did not apply the statutory maximum or minimum required by § 841(b)(1)(B). Crim. Dkt. 301 at 566:11–13; Crim. Dkt. No. 364 at 2. Since the drug quantity was not used as a fact to impose a sentence above the maximum or to increase the mandatory minimum, the rules of *Apprendi* and *Alleyne* are not implicated. *United States v. Requena*, 980 F.3d 30, 49–50 (2d Cir. 2020).

## III. Petitioner Has Not Demonstrated Ineffective Assistance of Counsel

Petitioner has not identified facts that would support a claim for ineffective assistance of counsel.

To succeed on a federal ineffective assistance of counsel claim, the defendant must show "both (a) 'that counsel's representation fell below an objective standard of reasonableness' and (b) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. DiTomasso*, 932 F.3d 58, 69 (2d Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  A defendant's counsel is "strongly presumed to have rendered adequate assistance." *Strickland,* 466 U.S. at 690; *Goyal v. United States,* 2025 WL 307236, at *2 (S.D.N.Y. Jan. 27, 2025).  To overcome this presumption, the defendant bears the heavy burden of showing their attorney's representation "amounted to incompetence under 'prevailing professional norms.'" *Englert v. Lowerre*, 115 F.4th 69, 81 (2d Cir. 2024) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).  A petitioner cannot prevail on such a claim based only on his subjective belief that his counsel's strategic choices were inadequate.  *United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986).  The court's inquiry concludes when the defendant fails on the first prong, objective standard of reasonableness.  *United States v. Baez*, 2022 WL 10219667, at *1 (2d Cir. 2022).

Petitioner fails to establish that his counsel's representation fell below the objective standard of reasonableness, as required under the first prong of *Strickland*.  466 U.S. at 687.  Petitioner fails *Strickland's* second prong by not showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A.    Petitioner's Counsel Reasonably Recommended a Bench Trial

Petitioner claims that his trial counsel, Mr. Baum, misadvised him that a bench trial was the best option given the circumstances of his case.  Civ. Dkt. No. 16 at 1.  However, a petitioner knowingly and intelligently waives his right to a jury trial after discussing the merits and risks of doing so with their attorney.  *See Coronado v. Lefevre*, 748 F.Supp. 131, 140–141 (S.D.N.Y.

7

1990). Mr. Baum affirms that he informed Petitioner that "the nature of his defense, involving drug weight and his lack of intent, would be better received, and evaluated by a judge rather than a jury." Baum Affirmation ¶ 6. Such a decision was rational, as Mr. Baum and Petitioner discussed "the pros and cons and the consequences of a jury waiver." *Id.* Following that discussion, Petitioner agreed to waive his right to a jury trial. *Id.* Petitioner offers no evidence to suggest his decision to waive his right to a jury trial was done unknowingly or that Mr. Baum acted objectively unreasonably when counseling him on pursuing a bench trial. Thus, Petitioner's claim that Mr. Baum was ineffective by virtue of misleading him into waiving his right to jury trial is without merit.

### B. Petitioner Was Aware of His Right to Appeal and Reasonably Decided Against Filing One

Petitioner argues, also without merit, that Mr. Baum was ineffective because Mr. Baum never consulted with Petitioner regarding his right to an appeal, as a result of which Petitioner did not file a notice of appeal. Civ. Dkt. No. 16 at 1. Defendants "cannot complain if they are not furnished redundant information" regarding their right to appeal. *Morales v. United States*, 143 F.3d 94, 97 (2d Cir. 1998) (quoting *Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994)). Petitioner was made aware of his right to an appeal by both Judge McKenna and his attorney. At Petitioner's sentencing, Judge McKenna stated:

> I advise you, Mr. Rodriguez, that you have the right to appeal from the sentence which I've just imposed. If you choose to do that, a notice of appeal must be filed within ten days of today. If you cannot afford counsel to prepare and file a notice of appeal and to pursue that appeal on your behalf, counsel will be appointed for you for that purpose…

Crim. Dkt. No. 367 at 5:19–6:1.

Moreover, Petitioner's attorney did inform him of his right to file a notice of appeal. Baum Affirmation ¶ 7. During that discussion, Mr. Baum informed Petitioner of the risk that the

Second Circuit could resentence him under a mandatory guidelines range at least four times higher than what he received. *Id*. Petitioner, who was going to be released shortly after his sentencing, was concerned by the prospect of additional incarceration. *Id.* Consequently, Petitioner told Mr. Baum that he did not wish to appeal his conviction or sentence. *Id.* at ¶ 8. The record reflects a reasonable decision not to pursue an appeal, as doing so could have reasonably and foreseeably led to further incarceration. Petitioner does not introduce evidence to suggest any deficiency in his trial counsel in this regard. Since Petitioner was made aware of his right to appeal his sentence and conviction by both Judge Mckenna and Mr. Baum, his argument is without merit.

        **C.**     **Petitioner's Counsel Had Reasonable Assurance of Petitioner's Competency**

Lastly, Petitioner argues that his attorney was aware of his traumatic brain injury ("TBI") and provided ineffective assistance by failing to request a psychiatric examination, gather additional information to challenge his ability to stand trial, or present his condition as a mitigating factor. Civ. Dkt. No. 12 at 1–2. That claim is also without merit. A defendant is considered competent to stand trial if he has "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). Failure to raise the issue of competence is not ineffective assistance when there was "nothing in the record sufficient to overcome the substantial evidence of [defendant's] competency" other than "conclusory statements regarding his mental difficulties," where defendant "provided no evidence that he lacked the ability to consult with his attorney or did not understand the nature of the proceedings against him." *Chavez v. United States,* 764 F.Supp.2d 638, 643 (S.D.N.Y. 2011).

Petitioner proffers that in 1995, he "survived an armed robbery where he was shot in the head," resulting in brain damage. Civ. Dkt. No. 12 at 1. Mr. Baum elicited this evidence at trial during Petitioner's testimony. Crim. Dkt. No. 301 at 342:23–344:12. Notwithstanding this injury, Petitioner demonstrated an ability to confer and understand his attorney as they discussed the case frequently and in depth. Baum Affirmation ¶ 4–5. Further, Mr. Baum affirms that Petitioner "was aware of the nature and consequences of the charges and was able to effectively communicate with [him] and assist in his defense." *Id.* at 4. Petitioner did so by providing "important facts regarding his defense and potential responses to testimony of Government witnesses." *Id.* ¶ 5. Finally, Petitioner "coherently and persuasively" presented facts during his own testimony. *Id.*; *see also* Crim. Dkt. No. 301 at 333:9–344:19.

In sum, Petitioner was able to consult with his attorney and understand the nature of the proceedings against him, rendering his competence claim meritless. Petitioner was an active and effective participant in his trial, in and out of court, notwithstanding his TBI. *United States v. Wolfson,* 6126 F.Supp.2d 398, 416–417 (S.D.N.Y. 2008) (finding a defendant's credible testimony and active involvement in all aspects of a case evidence of an ability to consult their attorney and a rational understanding of the proceedings). Petitioner's claim of ineffective assistance for failure to investigate and advocate for Petitioner's incompetence is therefore meritless and falls far short of the threshold which would warrant coram nobis relief, even if the Petition were timely.

## CONCLUSION

The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. Therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is

10

respectfully directed to close Case No. 05-cv-08283.

    SO ORDERED.

Dated: March 4, 2025
      New York, New York

                                              LEWIS J. LIMAN
                                       United States District Judge